UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY J. NASH JR.,<br><br>       Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | No.  2:20-cv-104-KJN<br><br>ORDER ON PARTIES' CROSS-MOTIONS<br><br>(ECF Nos. 17, 18) |

Plaintiff, proceeding without council in this action, seeks judicial review of a final decision by the Commissioner of Social Security denying his application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.[1] In his "request for voluntary remand," plaintiff contends the Appeals Council erred in denying his appeal for untimeliness, and contends new evidence supports his request for disability.  The Commissioner filed a cross-motion for summary judgment, contending both the ALJ's and Appeals Council's decisions are supported by substantial evidence and free from legal error.

For the reasons set forth below, tThe court DENIES plaintiff's motion, GRANTS the Commissioner's cross-motion, and AFFIRMS the final decision of the Commissioner.

---

[1] This action was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(15).  Both parties consented to proceed before a United States Magistrate Judge, and the case was reassigned to the undersigned for all purposes.  (ECF Nos. 8, 11, 16.)

1

**I.     RELEVANT LAW**

The Social Security Act provides benefits for qualifying individuals with disabilities. Disability is defined, in part, as an inability to "engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) (Title II); 1382c(a)(3) (Title XVI). An ALJ is to follow a five-step sequence when evaluating an applicant's eligibility for benefits.[2] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

A district court may reverse the agency's decision only if the ALJ's decision "contains legal error or is not supported by substantial evidence." Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is more than a mere scintilla, but less than a preponderance, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court reviews the record as a whole, including evidence that both supports and detracts from the ALJ's conclusion. Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018). However, the court may only review the reasons provided by the ALJ in the decision, and may not affirm on a ground upon which the ALJ did not rely. Id. "[T]he ALJ must provide sufficient reasoning that allows [the court] to perform [a] review." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020).

The ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Ford, 950 F.3d at 1154. Where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion "must be upheld." Id. Further, the court may not reverse the ALJ's decision on account of harmless error. Id.

---

[2] The sequential evaluation is summarized as follows:
  **Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
  **Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
  **Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
  **Step four**: Is the claimant capable of performing past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
  **Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.
Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. Ford, 950 F.3d at 1148.

## II. BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS

On October 27, 2016, plaintiff applied for Disability Insurance Benefits and Supplemental Security Income, alleging an onset date of January 1, 2013. (Administrative Transcript ("AT") 186-93, electronically filed at ECF No. 13.) Plaintiff alleged disability due to his diabetes, vision problems, and headaches. (See AT 86.) Plaintiff's application was twice denied, and he sought review with an ALJ. (AT 83-84, 109-10, 137.) The ALJ held a hearing on April 16, 2019, where plaintiff and his fiancée testified. (AT 9-25.) A Vocational Expert ("VE") responded to interrogatories regarding jobs for someone with plaintiff's limitations. (See AT 270-74.)

On April 16, 2019, the ALJ issued a decision determining plaintiff was not disabled from his onset date forward. (AT 12-21.) At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 1, 2013. (AT 14.) At step two, the ALJ noted plaintiff had the following severe impairments: type II diabetes mellitus with neuropathy and obesity. (Id.) At step three, the ALJ determined plaintiff was not disabled under the listings. (AT 15, citing 20 C.F.R. Part 404, Subpart P, Appendix 1).

The ALJ then determined plaintiff had the Residual Functional Capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), except that he could only "occasionally stoop, kneel, crouch, and climb ladders, ropes and scaffolds." (AT 16.) In fashioning this RFC, the ALJ considered plaintiff's symptoms, the medical evidence, and professional medical opinions in the record at that time. (Id.) Based on this RFC and the VE's responses to interrogatories, the ALJ concluded plaintiff was capable of performing past relevant work as a security guard ("light" work), or as a store laborer ("medium" work), as plaintiff actually performed those jobs. (AT 21.) Thus, the ALJ determined plaintiff was not disabled for the relevant period. (AT 25.)

The ALJ's decision was mailed to plaintiff at his address on Mendocino Blvd. in Sacramento. (AT 9.) On August 15, 2019, plaintiff requested the Appeals Council review the ALJ's decision. (AT 6-8.) The Appeals Council dismissed plaintiff's appeal for untimeliness. (AT 1-5.) Plaintiff filed this action requesting review of the Appeals Council's and ALJ's decisions, and the parties filed dispositive motions. (ECF Nos. 1, 17, 18.)

### III. DISCUSSION

Plaintiff, proceeding without council, requests remand for additional proceedings, arguing (A) the Appeals Council failed to consider his appeal on the grounds that he never received notice of the ALJ's decision; and (B) he has additional evidence that would have supported his original claim. Thus, plaintiff requests this court remand for further proceedings. (ECF No. 17.)

The Commissioner requests affirmance, arguing (A) the Appeals Council properly dismissed plaintiff's request as untimely, as it was sent to the address on file and plaintiff received all other notices mailed to that address; and (B) the new evidence submitted by plaintiff in support of his request for remand is from January 2020 onward, and so is immaterial to the ALJ's April 16, 2019 decision. (ECF No. 18.)

**A. The Appeals Council did not err in dismissing plaintiff's untimely appeal.**

A claimant may request review by the Appeals Council of an ALJ's decision on the merits. 20 C.F.R. §§ 404.967–404.981. In order to do so, the claimant must file a written request for review within 60 days after receiving notice of the ALJ's decision, unless the Appeals Council extends the deadline for good cause. 20 C.F.R. § 404.968. In determining whether plaintiff has shown good cause for missing a deadline to request review, the Appeals Council considers:

> (1) What circumstances kept [the claimant] from making the request on time;
> (2) Whether [the Agency's] action misled [the claimant];
> (3) Whether [the claimant] did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions;
> (4) Whether [the claimant] had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented [him] from filing a timely request or from understanding or knowing about the need to file a timely request for review.

20 C.F.R. § 404.911(a). Subsection (b) provides multiple examples of circumstances where good cause may exist, including where "(7) [the claimant] did not receive notice of the determination or decision." 20 C.F.R. § 404.911(b). The agency considers a claimant to have received notice of the ALJ's decision five days after the date on the notice, unless the claimant can show that he or she did not receive it within the five-day period. 20 C.F.R. § 404.901. If a claimant does not file the request for review within the stated period, and the Appeals Council does not extend the time for filing for good cause, the Appeals Council will dismiss the appeal. 20 C.F.R. § 404.971.

Generally speaking, federal courts "do not have jurisdiction to review a decision of the Appeals Council . . . because the Appeals Council decision is a non-final agency action." Brewes v. Comm'r, 682 F.3d 1157, 1161-62 (9th Cir. 2012). Once the Appeals Council denies review, the ALJ's decision becomes the final decision. Id. Recently, however, the U.S. Supreme Court stated that "where the SSA's Appeals Council has dismissed a request for review as untimely after a claimant has obtained a hearing from an ALJ on the merits, that dismissal qualifies as a 'final decision . . . made after a hearing' within the meaning of § 405(g)," and is therefore reviewable. Smith v. Berryhill, 139 S. Ct. 1765, 1780 (2019). Thus, where the Appeals Council dismissed an untimely appeal, the court is to consider whether this decision is supported by substantial evidence and free from legal error. See Ford, 950 F.3d at 1154.

Here, plaintiff contends the Appeals Council erred in dismissing his request for review, as he informed them that he had not received the ALJ's decision when mailed on April 16, 2019. (See AT 6-8.) Plaintiff contended the first he became aware of the decision was on July 29, 2019, after he spoke with a representative of the Agency. (See Id.) Plaintiff's "good cause" excuse falls squarely in one of the potential exceptions enumerated in the regulation. 20 C.F.R. § 404.911(b)(7) (noting that good cause may exist where a plaintiff "did not receive notice of the determination or decision.") However, the key word here is "may," and plaintiff was required to demonstrate he had not received the April 2019 decision. The only reason he provided was that he no longer lived at the mailing address. (AT 7.) However, the Appeals Council noted plaintiff had received the copy mailed in July—which was mailed to the same address as the April 2019 decision. (AT 4.) Further, the Council noted "[t]here has not been any changes in the claimant's address and the claimant is using the same address on his request for review." (Id.) For this reason, the Council found no good cause to extend the time for filing and dismissed the appeal. (Id.) The Appeals Council's "no good cause" finding is legally sufficient and based on substantial evidence. See, e.g., Popa v. Holder, 571 F.3d 890, 897-98 (9th Cir. 2009) (holding that a notice from a government agency sent by regular mail to the last address provided by an individual satisfies the requirements of due process); see also Macpherson v. Shinseki, 525 F. App'x 934, 938 (Fed. Cir. 2013) (finding no error in agency's determination that plaintiff failed

5

to demonstrate good cause after a missed deadline, where notice was mailed to the same address where plaintiff received other agency correspondence); Forman v. Colvin, 2013 WL 5462376, at *4 (D. Or. Sept. 30, 2013) (plaintiff's "mere allegation" that she had not received notice was "insufficient to rebut the presumption under the Social Security regulations and the mailbox rule that she received the notice.") (citing Schikore v. BankAmerica Supplemental Retirement Plan, 269 F.3d 956, 962 (9th Cir. 2001 (noting the mailbox rule creates "a rebuttable presumption that the document was received by the addressee in the usual time.").

**B. Regardless, plaintiff's new evidence does not relate to the ALJ's decision.**

The court's order rests on the above principles, which completely resolve plaintiff's case. However, because plaintiff is unrepresented before the court, the undersigned briefly responds to plaintiff's other argument made in his briefing.[3]

Plaintiff attached "new evidence medical records" to his motion. (See ECF No. 17 at Ex. 1.) This new evidence was not submitted to the Appeals Council as part of his request for review. (See AT 6-8.) Thus, it is not part of the record before the court, and cannot be considered. See Brewes, 682 F.3d at 1159-60 ("When evidence is given to the Appeals Council for the first time, and such evidence is considered in denying review of the ALJ's decision, that evidence becomes part of the administrative record, and the reviewing court must consider it in determining whether the decision was supported by substantial evidence.").

However, even if the Appeals Council had not dismissed plaintiff's case and had reviewed plaintiff's new evidence, it would be immaterial. 20 C.F.R. § 404.970(b) (only new and material evidence relating to the period on or before the date of the ALJ decision should be considered); Taylor v. Comm'r, 659 F.3d 1228, 1233 (9th Cir. 2011). Simply, the records submitted by plaintiff were generated between January and August of 2020—a time period well after the ALJ issued the decision. Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001) (noting that new

---

[3] Plaintiff also cites in his brief 28 U.S.C. Section 1447(c), which governs the process prescribed after a case has been removed from state to federal court. (ECF No. 17 at 2-3.) Plaintiff's action was not removed from state court, but was brought by plaintiff under 42 U.S.C. Section 405(g) for review of the Commissioner's final decision. Thus, plaintiff's citation to Section 1447(c) does not apply to this case, and any arguments made thereunder are denied.

evidence involving a different time period was not material to the instant claim, but could be considered on a successive application for a new time period); <u>Booz v. Sec. of Health and Human Servs.</u>, 734 F.2d 1378, 1380 (9th Cir. 1984) (holding that new evidence is material if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.").

**IV.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 17) is DENIED;
2. The Commissioner's motion for summary judgment (ECF No. 18) is GRANTED;
3. The final decision of the Commissioner is AFFIRMED; and
4. The Clerk of Court shall issue judgment in the Commissioner's favor and CLOSE this case.

Dated: April 9, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, nash.104